**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MABEL ARREDONDO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-22-CV-277-KC** |
| | § | |
| **NATIONAL TAX ADVISORY** | § | |
| **SERVICES, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

**<u>ORDER</u>**

On this day, the Court considered Plaintiff's Request for Entry of Default Judgment for Sum Certain ("Motion"), ECF No. 16. For the reasons set forth below, the Motion is **GRANTED** in part and **DENIED** in part.

## I.   BACKGROUND

Plaintiff has been registered on the National Do-Not-Call Registry since March 31, 2022. Compl. ¶ 23, ECF No. 1. But on July 12, 2022, Plaintiff received a "robocall with an automated message" from Defendant, soliciting tax debt relief services. *Id.* ¶ 32. Plaintiff answered the call and spoke with Defendant's representative, Eric Grant, "for the sole purpose[ ] of identifying the company" responsible for calling her. *Id.* ¶¶ 32–33. Plaintiff advised Grant that "she was not comfortable moving forward with services until knowing who the company [was] and requested for [Grant] to send his information via email." *Id.* ¶ 36. Grant instead followed up with three text messages and two calls, none of which Plaintiff consented to receiving. *Id.* ¶¶ 37–43, 48.

Plaintiff filed her Complaint on August 15, 2022. Compl. 1. She then properly served Defendant, but Defendant failed to make an appearance within twenty-one days of being served, as required by Federal Rule of Civil Procedure 12(a). *See* Summons Returned Executed, ECF

No. 3.  Accordingly, the Clerk entered a default against Defendant.  Entry of Default, ECF

No. 11.  This Motion, supported by Plaintiff's Affidavit, ECF No. 16-1, followed.

## II.     STANDARD

The clerk of the court shall enter default when "a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise."  Fed. R. Civ. P. 55(a).  After the clerk enters default, a party may move

for a default judgment.  *See* Fed. R. Civ. P. 55(b); *see also N.Y. Life Ins. Co. v. Brown*, 84 F.3d

137, 141 (5th Cir. 1996).  A court enters default judgment only if there is "a sufficient basis in

the pleadings for the judgment entered."  *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d

1200, 1206 (5th Cir. 1975).  In assessing whether the complaint contains a sufficient basis for a

default judgment, the court applies the standard governing the sufficiency of a complaint under

Federal Rule of Civil Procedure 8.  *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490,

498 (5th Cir. 2015).  Rule 8 requires a pleading to contain "a short and plain statement of the

claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The pleadings of

pro se litigants must be construed liberally.  *See EEOC v. Simbaki, Ltd*., 767 F.3d 475, 484 (5th

Cir. 2014).

Although a default judgment conclusively establishes a defendant's liability, it does not

establish the amount of damages.  *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*,

814 F.2d 1011, 1014 (5th Cir. 1987).  District courts have "wide latitude" regarding whether to

hold an evidentiary hearing on the issue of damages.  *James v. Frame*, 6 F.3d 307, 310 (5th Cir.

1993); *see also* Fed. R. Civ. P. 55(b)(2)(B).  A hearing is unnecessary if "the amount claimed is a

liquidated sum or one capable of mathematical calculation."  *United Artists Corp.* v. *Freeman*,

605 F.2d 854, 857 (5th Cir. 1979).  Plaintiff in this case asks for liquidated damages prescribed by statute, so a hearing is unnecessary.

## III.    DISCUSSION

Plaintiff's Motion and supporting Affidavit allege that the calls and text messages she received from Defendant violated § 227(b) and § 227(c) of the TCPA.  *See* Aff. ¶ 2.  Plaintiff also asserts the calls and text messages were made in violation of section 302.101 of the Texas Business and Commerce Code.  *See id.*  She seeks statutory damages for each violation.  *See id.*[1]

### A.    Section 227(b) Violations

Section § 227(b) of the TCPA generally prohibits calling "any telephone number assigned to a . . . cellular telephone service" using "any automatic telephone dialing system" ("ATDS") or "an artificial or prerecorded voice," absent "prior express consent of the called party."  47 U.S.C. § 227(b)(1)(A).  The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  *Id.* § 227(a)(1).  Section 227(b) allows plaintiffs to recover at least $500 in statutory damages for each call made in violation of the subsection.  *Id.* § 227(b)(3)(B).

Plaintiff's Motion and supporting Affidavit seek damages for six violations of § 227(b).  Aff. ¶ 2(a).  But she has only plausibly alleged one violation of this subsection.  The Complaint states that the first call she received from Defendant was a "robocall" made using an ATDS.  *See* Compl. ¶¶ 32, 92.  But her Complaint also states that the remaining calls and text messages were

---

[1] Plaintiff's Complaint also alleges violations of Texas Business and Commerce Code section 305.053.  Compl. ¶¶ 109–12.  In addition, the Complaint alleges that Defendant willfully and knowingly violated the TCPA, subjecting it to treble damages.  *Id.* ¶¶ 95–99, 105–08.  But Plaintiff's Motion and supporting Affidavit do not seek damages under section 305.053 of the Texas Business and Commercial Code, nor do they seek treble damages for any violation of the TCPA.  *See* Aff. ¶ 2.  Accordingly, the Court does not consider these issues further.

personally made or sent by Grant, Defendant's representative.  *Id.* ¶¶ 37–42.  The Complaint's

assertion that Grant individually made these communications contradicts the Motion's assertion

that the calls and texts were generated by an ATDS.  Because of this contradiction, Plaintiff has

adequately pleaded only one violation of § 227(b).

B.      **Section 227(c) Violations**

Section 227(c) authorizes the FCC to "prescribe regulations to implement methods and

procedures for protecting the privacy rights" of residential telephone users.  47 U.S.C.

§ 227(c)(2).  As relevant here, these regulations prohibit sending "any telephone solicitation" to a

"residential telephone subscriber who has registered his or her telephone number on the national

do-not-call registry."  47 C.F.R. § 64.1200(c)(2); *see also* 47 U.S.C. § 277(c)(3)(F) (requiring the

FCC to "prohibit any person from making or transmitting a telephone solicitation to the

telephone number of any subscriber included in [the do-not-call registry]").  Section 227(c) also

creates a private right of action, allowing individuals who receive calls made in violation of the

FCC's regulations to sue for damages.  *Id.* § 227(c)(5).  The subsection allows plaintiffs to

recover at least $500 in statutory damages per violation.  *Id.* § 227(c)(5)(B).[2]

Plaintiff has adequately alleged that each of the six communications she received from

Defendant violated § 227(c).  Plaintiff's Complaint states that she was registered on the national

do-not-call list when she received the communications, *see* Compl. ¶¶ 23, 48, and that Defendant

sent the communications to solicit tax debt relief services, *see id.* ¶¶ 24, 32–33.  Because

Defendant has defaulted, the Court takes these allegations as true.  *See Nishimatsu*, 515 F.2d at

---

[2] Plaintiffs may recover separate statutory damages under § 227(b) and § 227(c), even when the same call gives rise to both violations.  *See Charvat v. NMP, LLC*, 656 F.3d 440, 448–49 (6th Cir. 2011); *Callier v. Keeping Cap., LLC*, No. EP-21-CV-00011-DCG, 2021 WL 2742766, at *5 (W.D. Tex. Apr. 22, 2021).

1206.  And because the allegations establish straightforward violations of federal regulations,

Plaintiff has stated a claim for six violations of § 227(c).

### C.      Texas Law Violations

Chapter 302 of the Texas Business and Commerce Code provides that "[a] seller may not

make a telephone solicitation . . . to a purchaser located in [Texas] unless the seller holds a

registration certificate for the business location from which the telephone solicitation is made."

Tex. Bus. & Com. Code § 302.101(a).  The chapter also states that "[a] person who violates this

chapter is subject to a civil penalty of not more than $5,000 for each violation."  *Id.*

§ 302.302(a).[3]

Plaintiff has adequately alleged that the three calls she received from Defendant violated

section 302.101.  The Complaint alleges that Plaintiff is a Texas resident, and that Defendant

called her three times to solicit tax debt relief.  Compl. ¶¶ 4, 32–33, 48.  Plaintiff also alleges that

Defendant does not have a registration certificate.  Compl. ¶¶ 51–52.  Defendant has admitted

these allegations through its default, *see Nishimatsu*, 515 F.2d at 1206, and the allegations show

that the calls violated section 302.101.

---

[3] "[A] reference to 'civil penalty' [in Texas state statutes] typically refers to civil cases brought by public prosecutors."  *Pisharodi v. Wells Fargo Bank, N.A.* No. 1:19-cv-41, 2022 WL 1005311, at *13 (S.D. Tex. Feb. 25, 2022) (citing *Brown v. De La Cruz*, 156 S.W.3d 560, 564 (Tex. 2004)), *R. & R. adopted by* 2022 WL 1003874 (S.D. Tex. Apr. 4, 2022).  But section 302.302 of the Texas Business and Commerce Code only specifies that "[t]he attorney general may bring an action to recover a civil penalty under *Subsection (b),*" which deals only with violations of outstanding injunctions.  Tex. Bus. & Com. Code § 302.302(c) (emphasis added).  In contrast, Plaintiff seeks damages under subsection (a), which sounds in more general language.  *Compare id.* § 302.302(a) ("A person who violates this chapter is subject to a civil penalty of not more than $5,000 for each violation."), *with id.* § 302.302(b) ("A person who violates an injunction issued under Section 302.301 is liable *to this state* for a civil penalty." (emphasis added)).  Other general language in section 302.302 also implies that private persons, not just the State of Texas, may seek the civil penalties.  *See  id.* § 302.302(d) ("*The party bringing the action* also is entitled to recover all reasonable costs." (emphasis added)).  At least one court has awarded damages under section 302.302(a) to private plaintiffs, and the Court finds no contrary authority.  *See Thompson v. Dealer Renewal Servs.*, No. 4:21-cv-0467-P, 2021 WL 5416605, at *2–3 (N.D. Tex. Nov. 18, 2021); *Bryant v. Elite Integrity, LLC*, No. 4:21-cv-00076-P, 2021 WL 3704809, at *2 (N.D. Tex. Apr. 7, 2021).

Plaintiff has not adequately alleged that Defendant's text messages violated section 302.101, however.  "A text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA]."  *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).  But whether a text message counts as a call under chapter 302 of the Texas Business and Commerce Code is a separate question, and at least one court has found that chapter 302 does not apply to text messages.  *See Powers v. One Techs., LLC*, No. 3:21-CV-2091, 2022 WL 2992881, at *3–4 (N.D. Tex. July 28, 2022).  Plaintiff cites no countervailing authority, and the Court finds none. As a result, Plaintiff has failed to show that she is entitled to relief under section 302.101 based on the text messages she received from Defendant.  *See Wooten*, 788 F.3d at 497–98.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion, ECF No. 16, is **GRANTED** in part and **DENIED** in part.  **IT IS FURTHER ORDERED** that **DEFAULT JUDGMENT** is **ENTERED** in favor of Plaintiff Mabel Arredondo, and against Defendant National Tax Advisory Services, LLC.  Defendant **SHALL PAY** Plaintiff:

a. $500 in statutory damages for one violation of 47 U.S.C. § 227(b) pursuant to § 227(b)(3)(B);

b. $3,000 in statutory damages for six violations of 47 U.S.C. § 227(c) pursuant to § 227(c)(5)(B); and

c. $15,000 in statutory damages for three violations of Texas Business and Commerce Code section 302.101, pursuant to section 302.302(a).

In total, the Court **GRANTS** default judgment in favor of Plaintiff and against Defendant in the amount of $18,500 plus costs.  Plaintiff may file a proposed bill of costs in accordance with Local Court Rule CV-54(a) within fourteen days of this Order.

6

**IT IS FURTHER ORDERED** that all monetary judgments awarded herein shall accrue post-judgment interest at the legal rate prescribed by 28 U.S.C. § 1961, calculated from the date of this Order.

The Clerk shall close the case.

**SO ORDERED.**

SIGNED this 1st day of December, 2022.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE